**Byron ORTIZ, Petitioner–Appellant,**

v.

**Christopher ARTUZ, Respondent–Appellee.**

Docket No. 00–2713.

United States Court of Appeals, Second Circuit.

Jan. 28, 2002.

Alexei Schacht, Astoria, NY, for Appellant.

Johnette Traill, Assistant District Attorney for Queens County, NY; Richard A. Brown, District Attorney for Queens County; John M. Castellano, Assistant District Attorney, on the brief, for Appellee.

Present JACOBS, F.I. PARKER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED the judgment of the district court be AFFIRMED.

Byron Ortiz appeals from the order of the United States District Court for the Eastern District of New York (Gershon, J.), denying Ortiz's petition for a writ of habeas corpus. *Ortiz v. Artuz*, 113 F.Supp.2d 327 (E.D.N.Y.2000). In 1993, Ortiz was convicted, after jury trial, of Murder in the Second Degree and Criminal Possession of a Weapon, arising out of a 1991 drive-by shooting of a seventeen year old boy. The trial court admitted into evidence the unredacted statement of Ortiz's non-testifying, co-defendant, Danny Torres, in violation of *Cruz v. New York*, 481 U.S. 186, 193, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987) and the Confrontation Clause of the Sixth Amendment.

After exhausting his state court appeals, Ortiz filed a federal petition for habeas relief, raising, *inter alia*, the *Cruz* error. The district court held the error harmless.

On appeal, the only issue is the propriety of that ruling. We affirm.

 "Where a nontestifying codefendant's confession facially incriminating the defendant is not directly admissible against the defendant, the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and even if the defendant's own confession is admitted against him." *Cruz*, 481 U.S. at 186, 107 S.Ct. 1714. However, *Cruz* violations are subject to harmless error analysis. *See Samuels v. Mann*, 13 F.3d 522, 526 (2d Cir.1993). To succeed, therefore, a habeas petitioner must demonstrate actual prejudice. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

 Ortiz fails to show prejudice because Torres' statement was substantially similar to a properly-admitted statement Ortiz made to the police. The accounts are parallel in crucial points and particulars. Both place Ortiz in the driver's seat and the gun in the hand of a third party, named Jose, seated in the backseat. There are inconsistencies, but in the main the inconsistencies concern incidental matters (such as the car's ultimate destination after the shooting) and would not unduly lead a jury to infer that either defendant was a liar, or both.

Still, the crucial issue is intent, and on that score, Torres' statement is marginally more damaging to Ortiz. For instance, Torres details both Jose's instruction to Ortiz to "slow down" and Ortiz's compliance. Significantly, however, Torres was convicted of murder by the same jury even though neither account details any action on his part indicative of intent: unlike Ortiz, who acts as driver in both versions, Torres passively sits in the front passenger seat.

Ortiz makes much of the arguably suspect testimony of the government's key witness, Karina Veliz. Initially, Veliz denied knowledge of the car's occupants. Subsequently, she named Ortiz as the shooter and Torres as the driver. Ortiz adequately demonstrates that Veliz had a motive to lie. However, the credibility of Veliz is a question that bears chiefly on sufficiency of evidence. While we recognize that "the weight of the prosecution's case" is the most significant factor in determining whether a *Cruz* error is harmless, our evaluation of weight requires us to consider only the diminution of the body of evidence once the *Cruz* error is "stripped" away. *Samuels,* 13 F.3d at 526–27. Because Torres's statement was largely cumulative, the government's case would have been as "strong" with or without it.

Ortiz counters that without the Torres statement, the government would have been left with a "he said/she said contest" between Ortiz and Velez. If anything, however, the Torres statement tended to reinforce Ortiz's own version, which identified Ortiz as the driver, and thus belied Veliz's account, which cast Ortiz as the shooter. One may suppose that that is the reason Ortiz did not object to the admission of the Torres statement at trial.

For the reasons set forth above, the judgment of the district court is AFFIRMED.